**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 26-cv-3994 |
| | ) | |
| WEB3 UNIVERSITY, | ) | **JURY DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## COMPLAINT

Plaintiff Securities and Exchange Commission (the "SEC" or "Commission"), for its Complaint against Web3 University ("Defendant"), alleges as follows:

1. Defendant, while purporting to be an investment advisory firm operating in Colorado, made material misrepresentations in a report filed with the Commission and made available to the public on December 19, 2025.

2. In its Form ADV (a form used by investment advisers with both the Commission and state securities regulators containing information about the adviser and its business), Defendant represented that it is an adviser to a private fund with assets under management in the United States of less than $150 million, thereby qualifying for an exemption from registration with the Commission.

3. As a so-called exempt reporting adviser ("ERA"), Defendant filed its Form ADV in an investment adviser registry with the apparent expectation that, upon submission, the form would promptly become available to the public on a Commission maintained website. This is precisely what happened, as the Commission

does not review and approve such ERA filings before they are published.

4. Defendant's Form ADV included material misrepresentations and statements that could not be substantiated. Defendant listed a Colorado office address where it has no presence. Defendant provided a phone number that is disconnected.

5. As to its purported private fund client, Defendant's Form ADV disclosed an ownership structure and numerical data (such as number of investors and amount of gross assets) that was identical or nearly identical to a multitude of other purported ERAs that similarly filed false and misleading Form ADVs with the Commission.

6. Like in these other ERA filings, Defendant's Form ADV also claimed that the financial statements of the private fund it purportedly advised had been audited by an independent public accounting firm. But the auditor disclosed in Defendant's Form ADV cannot be found in any public registry of federal or state accountancy firms. Defendant further claimed to be a commodity pool operator or commodity trading advisor, but there is no corresponding commodity pool operator or commodity trading advisor regulatory registration in its name.

7. Defendant failed to respond to a request by the Commission to provide records to substantiate the information on its Form ADV, including the amount of private fund assets under management in the United States.

8. The conduct alleged herein fits within a larger pattern in which the active standing of companies in Colorado, obtained through the Secretary of State, is used in conjunction with Commission filings to falsely portray businesses as legitimate

advisory firms to investors. The Commission is simultaneously filing thirty-seven related cases in this District and has previously filed the following cases in this District involving similar facts and allegations: Case Nos. 25-cv-03645-CNS; 25-cv-03649-KAS; 25-cv-03650-SKC; and 25-cv-03651-KAS.

9. By engaging in the conduct described in this Complaint, Defendant violated, and unless enjoined will continue to violate, Sections 204(a) and 207 of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. §§ 80b-4(a), 80b-7].

## NATURE OF THE PROCEEDINGS AND RELIEF SOUGHT

10. The Commission brings this action under enforcement authority conferred by Sections 209(d) and 209(e) of the Advisers Act [15 U.S.C. §§ 80b-9(d) and 80b-9(e)].

11. The Commission seeks a final judgment: (a) permanently enjoining Defendant from violating the federal securities laws this Complaint alleges it has violated; (b) permanently enjoining Defendant from filing a Form ADV as an exempt reporting adviser; (c) ordering Defendant to pay a civil monetary penalty under Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)]; and (d) ordering any other and further relief the Court may deem just and proper.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action under Section 214 of the Advisers Act [15 U.S.C. § 80b-14].

13. Defendant, directly or indirectly, made use of the means or instrumentalities of interstate commerce or of the mails in connection with the

transactions, acts, practices, and courses of business alleged herein.

14. Venue is proper in the District of Colorado under Section 214 of the Advisers Act [15 U.S.C. § 80b-14]. Certain of the acts, practices, transactions, and courses of business alleged in this Complaint occurred within this District. Defendant represented in its Form ADV and in corporate filings with the Colorado Secretary of State that its principal business office is located within this District.

## DEFENDANT[1]

15. **Web3 University** claims that is a Colorado corporation, originally incorporated in 2021 as Mining University, with a principal office location in Colorado Springs, yet a principal mailing address in Laguna Beach, California.

16. Defendant also purports to be an ERA. On or about December 19, 2025, Defendant filed a Form ADV with the Commission, listing its registered Colorado Springs address, 5030 Boardwalk Drive Suite 818, as its principal office and place of business.

## FACTS

### Investment Adviser Registration and Commission Form ADV

17. The Commission regulates investment advisers, primarily under the Advisers Act and the rules adopted under that statute. Unless an exemption applies, advisers with $110 million or more of regulatory assets under management, or that provide advice to investment company clients, are required to register with the Commission.

[1] Defendant's name and business address is listed herein as set forth in its respective state and SEC filings, notwithstanding any misplaced or missing punctuation.

18. The core instrument for adviser registration and disclosure is Form ADV. Investment advisers use this form to register with the Commission. Form ADV consists of two main parts. Part 1 asks, in a fill-in-the-blank and check-box format, for basic identifying information (such as name, principal office/business address, telephone number, website) as well as information about the adviser's business, including control persons, ownership structure, assets under management, clients, and auditors. Part 2 relates to the content of required narrative brochures about investment advisers and certain supervised persons.

19. Form ADV is filed electronically with the Commission through the Investment Adviser Registration Depository ("IARD"), a secure internet-based filing system that the Financial Industry Regulatory Authority ("FINRA") operates under contract with the Commission. An adviser's Form ADV is publicly available through the Commission's Investment Adviser Public Disclosure ("IAPD") website at adviserinfo.sec.gov.

20. As noted above, not every investment adviser is required to register with the Commission. ERAs are a category of investment advisers who would otherwise be required to register with the Commission but are eligible to rely on specific exemptions from registration outlined in Section 203 of the Advisers Act [15 U.S.C. § 80b-3]. One exemption from registration available applies to advisers who solely provide investment advice to private funds and have less than $150 million in assets under management in the United States. The registration exemption for such private fund advisers is found in Section 203(m) of the Advisers Act [15 U.S.C. § 80b-3(m)] and

Rule 203(m)-1 thereunder [17 C.F.R. § 275.203(m)-1].

21. Even though ERAs are not registered with the Commission, they are still subject to certain reporting and recordkeeping obligations. ERAs are required to report certain information on Form ADV—specifically, certain items in Part 1—but are not required to complete every item of Form ADV that registered advisers do. ERAs are also required to make their books and records available for examination by the Commission under Section 204(a) of the Advisers Act [15 U.S.C. § 80b-4(a)].

22. By signing the Execution Page to Form ADV, an investment adviser certifies that (1) the information and statements made in the form "are true and correct," and (2) "the adviser's books and records will be preserved and available for inspection as required by law."

**Defendant's Form ADV Includes False Statements**

23. As set forth above, Defendant filed a Form ADV with the Commission as an ERA that conducts business in Colorado. In that public filing, Defendant claims that it qualifies for a registration exemption because it acts solely as an adviser to private funds and has assets under management in the United States of less than $150 million.

24. More specifically, Defendant's Form ADV stated that it advised a single private fund, named Web3 University, with a minimum investment commitment of $50,000, a total of 89 investors, and a gross asset value of $78,960,522. Defendant described this fund as 90% owned by foreign investors, 10% owned by the adviser or

related persons, and 50% owned by "funds of funds."[2]

25. Defendant's Form ADV further represented that this private fund's financial statements were: (i) prepared in accordance with U.S. Generally Accepted Accounting Principles ("GAAP"); (ii) audited by an independent public accounting firm—named "Indicator Global"—which issued an unqualified audit opinion; and (iii) distributed to fund investors.

26. Defendant's Form ADV filing contains misrepresentations and other indicia of fraud, including:

(a) ***Invalid Address and Phone Number***. In the Form ADV, Defendant lists a principal office location in Colorado Springs, Colorado. Defendant also provides a telephone number with a "516" area code as the main number for this office, which is an area code for New York. As described below, the Commission was unable to correspond or otherwise communicate with Defendant using the information provided in its Form ADV. Mail the Commission staff sent to Defendant's listed business address in Colorado Springs was returned as undeliverable, and the Commission staff was unable to reach Defendant using the phone number supplied by Defendant in its Form ADV because the number was disconnected. On at least some occasions, Defendant used Internet Protocol addresses located in the People's Republic of China to connect to the IARD filing system.

(b) ***Phantom Auditor***. In the Form ADV, Defendant claims its private fund client has financial statements that have been prepared in accordance with U.S.

---

[2] These percentages do not necessarily need to add up to 100% because there can be overlap between the three categories.

GAAP, as confirmed by an unqualified audit report issued by Indicator Global. Defendant identifies the location of Indicator Global's responsible office as New York, New York. Indicator Global does not appear in any public registry of federal or state accountancy firms, including in New York or Colorado. Indicator Global has a website in Mandarin Chinese offering investment services and falsely claiming to have "approval" and "financial license" from the Commission.

(c) ***No Commodity Pool Operator or Commodity Trading Advisor Registration***. In its Form ADV, Defendant claims to be a commodity pool operator or commodity trading advisor in addition to its investment advisory business. Operating a commodity pool or acting as a commodity trading advisor typically requires mandatory filings with the Commodity Futures Trading Commission ("CFTC") and the National Futures Association ("NFA"). Defendant has not made any such requisite filings.

(d) ***Commonalities Across ERA Filings***. Defendant's Form ADV is substantially similar to Forms ADV filed by at least thirty-seven other purported ERAs who claim to be based in Colorado. Not only do such other filings also provide false Colorado addresses and phone numbers, they share the following common features:

- a single adviser advising a single private fund that typically bears the same name as the adviser;
- with a gross asset value of either $78,960,522 or $48,960,522 (only the first digit is different between the two figures);
- either 89 or 33 investors;

- either $50,000 or $5,000 minimum investment; and
- identical ownership percentages (10% adviser/related persons, 90% foreign investors, 50% funds of funds).

Most of these Form ADV filings also list Indicator Global as the subject private fund's auditor. None of these Form ADV filings list any website address—which is information that is expressly required to be disclosed on Form ADV—yet at least twenty-three of the entities (including Defendant) have been marketed on websites, which tout the entities' use of emerging technologies.

**Defendant's Failure to Produce Records for Examination**

27. Section 204(a) of the Advisers Act provides that all records of investment advisers are "subject at any time, or from time to time, to such reasonable periodic, special, or other examinations by representatives of the Commission as the Commission deems necessary or appropriate in the public interest or for the protection of investors." 15 U.S.C. § 80b-4(a).

28. Although ERAs are exempt from registration requirements, their books and records are still subject to examination pursuant to Section 204(a) of the Advisers Act [15 U.S.C. § 80b-4(a)].

29. In April 2026, Commission staff sent a letter, via certified mail, to Defendant requesting documents and information to substantiate representations made in its Form ADV filing. The request contained categories of documents that Defendant is required to produce to the Commission upon request, and that should be readily available—such as fund offering memoranda, audited financial statements

(including auditor's opinion), and certain documents pertaining to any commodity pools Defendant operated or advised, as well as lists of its employees, investors, and assets.

30. The request was mailed to Defendant at the Colorado Springs address it provided on Form ADV as its principal office and place of business.

31. The request was returned to the Commission as undeliverable, with an indication that there was no such entity at the address that had been provided by Defendant in its Form ADV. Therefore, Defendant has not responded to the Commission's requests.

32. In April 2026, Commission staff attempted to call the telephone number provided by Defendant in its Form ADV. Defendant could not be reached at the phone number because the number was disconnected.

33. In June 2026, Commission staff attempted to contact Defendant using the email address it had provided FINRA to set up its IARD account. Defendant did not respond to the staff's email communication.

34. On or about August 24, 2026, FINRA removed Defendant's Form ADV from the IAPD website at the direction of the Commission.

## COUNT I

### Violation of Section 207 of the Advisers Act

35. Paragraphs 1 through 34 are realleged and incorporated by reference.

36. Defendant, by use of the mails, and the means and instruments of interstate commerce, directly and indirectly, willfully made untrue statements of material fact in a report filed with the Commission under the Advisers Act.

37. By reason of the foregoing, Defendant has violated, and unless enjoined will continue to violate, Section 207 of the Advisers Act [15 U.S.C. § 80b-7].

**COUNT II**

**Violation of Section 204(a) of the Advisers Act**

38. Paragraphs 1 through 34 are realleged and incorporated by reference as though fully set forth herein.

39. Defendant acted as an "investment adviser" within the meaning of Section 202(a)(11) of the Advisers Act [15 U.S.C. § 80b-2(a)(11)]. Defendant holds itself out as an investment adviser or as one who provides investment advice by filing a Form ADV and reporting that it is an ERA.

40. Defendant failed to make its books and records available for examination by Commission staff.

41. By reason of the foregoing, Defendant has violated, and unless enjoined will continue to violate, Section 204(a) of the Advisers Act [15 U.S.C. § 80b-4(a)].

**RELIEF REQUESTED**

**WHEREFORE,** the Commission respectfully requests that this Court enter a Final Judgment:

**I.**

Finding that Defendant violated the federal securities laws as alleged herein.

**II.**

Permanently restraining and enjoining Defendant, and its officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, from violating, directly or indirectly, Sections 207 and 204(a) of the

Advisers Act [15 U.S.C. §§ 80b-4(a); 80b-7], in a form consistent with Rule 65(d) of the Federal Rules of Civil Procedure.

**III.**

Permanently restraining and enjoining Defendant, and its officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, from filing a Form ADV as an exempt reporting adviser.

**IV.**

Ordering Defendant to pay a civil monetary penalty pursuant to Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)] in an amount to be determined by this Court.

**V.**

Retaining jurisdiction over this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered, or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

**VI.**

Grant such other relief as this Court deems appropriate.

## JURY DEMAND

The Commission hereby requests a trial by jury.

Dated: August 27, 2026

**UNITED STATES SECURITIES
AND EXCHANGE COMMISSION**

By: /s/ Michael D. Foster
Michael D. Foster (Ill. Bar No. 6257063)
Jonathan S. Polish (Ill. Bar No. 6237390)
Arsen R. Ablaev (Ill. Bar No. 6302267)
175 West Jackson Blvd., Suite 1450
Chicago, IL 60604
Telephone: (312) 353-7390
Email: fostermi@sec.gov
Attorneys for Plaintiff